**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| THEODORE GINNERY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:06CV1379 HEA |
| | ) |
| ALAN BLAKE, | ) |
| | ) |
| Defendant. | ) |

## OPINION, ORDER AND MEMORANDUM

This matter is before the Court upon the application of Theodore Ginnery for leave to commence this action without payment of the required filing fee [Doc. #1]. *See* 28 U.S.C. § 1915(a). Also before the Court is applicant's motion for appointment of counsel [Doc. #4]. Upon consideration of the financial information provided with the application, the Court finds that applicant is financially unable to pay any portion of the filing fee. Therefore, applicant will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978), *cert. denied*, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## The Complaint

The complaint alleges: "no forcing therapy or treatment of any kind on sex offenders" and cites *United States v. Antelope*, 395 F.3d 1128 (9th Cir. 2005). The complaint further alleges that the Missouri Sexual Offender Treatment Center, in which plaintiff is currently confined, has never recommended release of persons confined at that facility. Alan Blake is named as sole defendant. The complaint seeks only monetary relief.

## Discussion

The instant complaint should be dismissed for failure to state a claim upon which relief may granted. *United States v. Antelope*, 395 F.3d 1128 (9th Cir. 2005), holds that where a sex offender treatment program requires the offender to admit to other sexual conduct that would constitute a crime, such a requirement may implicate the offender's fifth amendment privilege not to incriminate himself. In the instant case, there is no allegation that plaintiff has been required to give a potentially incriminating sexual history at all, much less under conditions indicating compulsion in violation of their fifth amendment rights.

Furthermore, the complaint does not allege how defendant Blake is personally and directly

2

responsible for the alleged constitutional violations. See *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)(liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Glick v. Sargent*, 696 F.2d 413, 414-15 (8th Cir. 1983) (respondeat superior theory inapplicable in § 1983 suits).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #1] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED**, as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 30th day of January, 2007.

_____
**UNITED STATES DISTRICT JUDGE**